UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER J. MACCONNELL, JR.   Case No. 1:25-cv-688

    Plaintiff,

                                      Dlott, J.
    v.                                     Bowman, M.J.

ORIN S. KRAMER, et al.,

    Defendants.

**MEMORANDUM OPINION
AND SHOW CAUSE ORDER**

Plaintiff Christopher J. MacConnell Jr., proceeding pro se, paid the requisite filing fee and filed a complaint in the above-captioned case on September 18, 2025. Pursuant to local practice, all non-dispositive motions in this case have been referred to the undersigned magistrate judge. With one exception, Plaintiff's pending motions are denied in full. Additionally, Plaintiff is directed to show cause both for perceived violations of Rule 11, and for why this case should not be dismissed for lack of subject matter jurisdiction.

**I.    Background**

The Court takes judicial notice that on September 3, 2025, the same Plaintiff filed a miscellaneous action in this Court, *MacConnell, Jr. v. FlashSynq AI, LLC*, No. 1:25-mc-18-MRB-SKB. In the prior miscellaneous case, Plaintiff sought discovery-related relief under Rules 26 and 27 of the Federal Rules of Civil Procedure. On September 18, 2024, the Court denied relief and closed that case after finding that case to be both procedurally improper and legally meritless. Undeterred, Plaintiff then initiated the instant civil case. In the short time that this civil case has been pending, Plaintiff has filed eight procedurally

1

improper motions, virtually all of which are also legally meritless for the reasons discussed below.

Plaintiff's new civil complaint consists of 11 pages. The first four pages are handwritten on a standard complaint form used by many pro se litigants. But Plaintiff has left blank large portions of that form, including the signature line on the last page. Typed pages appended to the form fill in some of the blanks, but in a disjointed manner. The typed portion sometimes contradicts the handwritten portion, resulting in a complaint that - as a whole - contains inconsistencies in the identity of the defendants, the claims asserted, the types of relief sought, and the basis for this Court's jurisdiction.

Starting with the identity of the defendants. In its caption, the complaint form identifies the defendants as Orin S. Kramer, Kathleen Ann Moodie, Stacey E. Trien, Kelly Ann Geary, Logan Etherton, and the law firm of Addams Leclair, LLP. But Plaintiff identifies no defendants at all on the portion of the form that requires the "name and address of each Defendant," ignoring the warning: "This form is invalid unless each Defendant appears with full address for proper service." (Doc. 1, PageID 2.) In the typed section, Plaintiff identifies slightly different defendants than in the caption, omitting Stacey Trien, but adding FlashSynq AI, LLC (c/o Plaintiff as Registered Agent) and unidentified "others identified in Exhibits 1-X."[1] (Compare Doc. 1, PageID 1 with PageID 5.)

Moving on, there is less variation between a handwritten "Statement of Claim" section on the form and the typed version that follows. (See Doc. 1, PageID 3, 7.) The typed version reads:

---

[1] There are no "Exhibits 1-X" attached to the complaint. And – while the Court infers the existence of only one defendant bearing the surname of "Moodie," Plaintiff identifies her both as "Katie Moodie" and as "Kathleen Ann Moodie."  He also identifies Defendant Logan Etherton as "Logan Etherton c/o Noa S. tern."

> This case arises under federal law and involves the ownership, custody, and preservation of intellectual property and corporate records of FlashSynq AI, LLC.
>
> Plaintiff is the registered agent and a founding member of Flashsynq AI, LLC. Defendants attempted to transfer or dissolve corporate assets without lawful authority, including assigning intellectual property to non-owners.
>
> Defendants, including corporate counsel and individuals identified in Exhibit A, issued extrajudicial threat letters, attempted improper dissolution, and distributed IP to parties with no ownership interest.
>
> These acts occurred between August 2023 and September 2025 and are documented in Exhibits 1-X (letters, Slack re-invites, video evidence).[2] These acts create imminent risk of spoliation, deprivation of Plaintiff's property, and obstruction of federal discovery obligations.

(Doc. 1, PageID 7.)

Two pages later is a single page labeled "Exhibit A" and bearing the caption "**COMPLAINT**" (without a case caption). Exhibit A identifies Plaintiff's claims as follows:

> Plaintiff brings this action for Declaratory Judgment, Injunctive Relief, Accounting, Tortious Interference, and Breach of Fiduciary Duty….
>
> Counts include: (1) Declaratory Judgment of custodial and ownership rights; (2) Injunctive Relief requiring preservation of Slack, governance, IP, and valuation materials; (3) Tortious Interference with Plaintiff's business and governance rights; (4) Breach of Fiduciary Duty by unauthorized dissolution attempts.

(Doc. 1, PageID 9.) Plaintiff appears to have initialed "Exhibit A," although there is no printed or typed signature line, no attestation, and no date, (*Id*.) Similar initials appear on the following page, which is labeled "**EXHIBITS**" and purports to describe Exhibits A-E – none of which are attached.

The complaint form asks for the basis for subject matter jurisdiction. Plaintiff has left this important section blank on the form. In the typed attachment, he first asserts

---

[2] Notwithstanding Plaintiff's reference, there are no attached "Exhibits 1-X."

3

federal question jurisdiction under 28 U.S.C. § 1331, because the case "arises under federal laws regarding ownership, preservation, and protection of intellectual property and corporate records," as well as under 28 U.S.C. § 2201, the Declaratory Judgment Act. (Doc. 1, PageID 6.) Plaintiff also expressly disavows the existence of jurisdiction under either 28 U.S.C. § 1332(a)(1) or 28 U.S.C. § 1343(3). (*Id.*) Yet in "Exhibit A," Plaintiff omits reference to any statutory basis for jurisdiction other than "28 U.S.C. § 1332." (Doc. 1, PageID 9.)

Two sections of the complaint articulate the relief that Plaintiff seeks. On the complaint form, Plaintiff's handwritten request seeks both declaratory relief and a related immediate "temporary and prelim [sic] injunctive relief preserving all physical and electronic evidence and preventing transfer, deletion, dissipation, assignment, or further distribution of any intellectual prop [sic], source code, data, corp [sic] records, slack, experts, and related assets of Flashsync AI, LLC pending resolution of this case." (Doc. 1, PageID 4.) The typed attachment somewhat differs in its request for declaratory and injunctive relief, and adds claims for monetary damages:

> Relief sought:
> -Injunction preserving all IP, records and evidence.
> -Declaratory judgment re ownership/control.
> -Return and accounting of assets.
> -Damages, sanctions, fees, and any further relief.
>
> See attached Exhibit R – Relief Sought for full statement of relief.[3]

(Doc. 1, PageID 8.)

The final page purports to be Plaintiff's "Declaration" under penalty of perjury. The Declaration states:

---

[3] No "Exhibit R" is attached.

4

> I, Christopher J. MacConnell, Jr., declare under penalty of perjury: On August 20,2025, I received Defendants' demand letter (Exhibit A). On August 23, 2025, I confirmed preservation and demanded reciprocity (Exhibit B). On August 29, 2025, Defendants reinforced dissolution threats (Exhibit C). On September 2-3, 2025, I sent a preservation packet and confirmed Slack custodianship (Exhibit D). On September 18, 2025, this Court denied Rule 27 but acknowledged preservation Issues (Exhibit E). I note concurrent domestic proceedings (DR2401745) only to demonstrate good faith and privacy sensitivity; I seek no relief in that matter. My purpose Is to protect evidence, IP, and governance rights essential to family and business stability.

None of the exhibits referenced in the Declaration are attached to the complaint. And, while the Court assumes the scrawled signature on the Declaration page to belong to Plaintiff, it is unaccompanied by a printed name or date.

No Defendant has yet entered an appearance in this case. Given the recency of its filing, that is not surprising. At the same time, nothing suggests that Plaintiff has yet sought to issue summons or made any attempt to effect service, or to obtain a waiver of service of process. *See generally*, Fed. R. Civ. P. 4; S.D. Ohio Civil Rules 4.1 and 4.2.

**II. Analysis**

**A. The Limited Subject Matter Jurisdiction of Federal Courts**

This court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statutes." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Generally, federal courts have jurisdiction only over civil actions "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, or when the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000,

5

pursuant to 28 U.S.C. § 1332. The former is commonly referred to as "federal question jurisdiction," while the latter is referred to as "diversity jurisdiction."

A plaintiff who has elected to file suit in federal court bears the burden of showing the existence of federal jurisdiction. *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). To meet that burden, a plaintiff must affirmatively plead facts that establish jurisdiction. *See Corner v. Greef*, 99 Fed. Appx. 577, 580 (6th Cir. 2004) (plaintiff "must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question"). Although Plaintiff here asserts federal question jurisdiction, he fails to plead facts that identify a violation of any specific federal law or constitutional provision by any named Defendant.

Exhibit A identifies claims or separate "Counts" for injunctive and declaratory relief. But those are remedies, not freestanding claims. To the extent that Plaintiff relies on the Declaratory Judgment Act as grounds for his assertion of federal question jurisdiction, his reliance is misplaced. "It is well established that the Declaratory Judgment Act, 28 U.S.C. § 2201, [does not provide] an independent source of federal jurisdiction." *Louisville and Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir.1983)

Plaintiff identifies claims for "accounting," for "tortious interference," and for "breach of fiduciary duty." But all of those "claims" (even assuming that they are independent claims) appear to arise, if at all, under state law. *See* also, *Moore Family Trust v. Jeffers*, 225 N.E.3d 548, 559, 2023-Ohio-3653, ¶ 44 (Ohio App. 7 Dist., 2023) ("{A} demand for an accounting does not form the basis for a standalone action but is instead, a remedy"). The closest that Plaintiff comes to pleading a violation of any *federal* law is the allegation that this case "arises under federal laws regarding ownership, preservation, and

6

protection of intellectual property and corporate records" of the entity that he identifies as FlashSynq AI LLC. But such a cursory reference to unspecified "federal laws" that have something to do with "intellectual property and corporate records" is facially insufficient to establish federal jurisdiction.

As stated above, a portion of Plaintiff's complaint disavows the possibility of diversity jurisdiction as "[n]ot applicable." (Doc. 1, PageID 6). It is unclear if Plaintiff's later citation to 28 U.S.C. § 1332, (*see id.*, PageID 9), is intended to assert diversity jurisdiction after all. In any event, Plaintiff's failure to provide the addresses of all Defendants precludes this Court's consideration of diversity jurisdiction, even if he had asserted any cognizable claims.

The Court would be remiss if it did not address one more facial defect to jurisdiction: Plaintiff's standing to sue. It is clear that the above-captioned case is closely related to Plaintiff's prior miscellaneous case, No. 1:25-mc-18. (*See* Doc. 1, PageID 11, referencing formal demand letter dated August 20, 2025 and other presuit correspondence.)  In his prior case, Plaintiff filed copies of the August 20 demand letter and other correspondence from the law firm and counsel named herein as Defendants.

The August 20 demand letter is addressed to Plaintiff as "President" of a company called "Bracing Solutions, Inc. d/b/a Motiv Medical" (hereinafter "Motiv Medical").[4] The letter concerns a claim based on Motiv Medical's termination of a former employee, Kathleen Ann Moodie, "for amounts owed, …unlawful termination…, and …defamation and disparagement." (No. 1:25-mc-18, Doc. 1-1, PageID 3.) In addition to a monetary demand, the letter includes a request for "mutual general releases, mutual non-

---

[4] The letter is jointly addressed to a second individual identified as the "CEO" of Motiv Medical named "Nolan Marx."

7

disparagement clauses, [and] **an agreement to sever all business relationships, including without limitation dissolution of Flashsynq AI, LLC** and KTJC Capital, LLC…." (*Id.*, PageID 5 (emphasis added).)

In the above-captioned case, Plaintiff references the demand letter and related correspondence when he alleges that "Defendants, including corporate counsel…. Issued extrajudicial threat letters, [and] attempted improper dissolution." (Doc. 1, PageID 7.) The undersigned infers that the "attempted dissolution" of FlashSynq is based on the demand letter. If that inference is correct, then Plaintiff lacks standing, because a proposed settlement in anticipation of litigation does not constitute a cognizable injury. Moreover, a lawsuit based on prelitigation settlement communications would be patently frivolous, since such communications are – with rare exceptions – subject to privilege and protected by the First Amendment.

Even if the undersigned were to ignore Plaintiff's reference to the legal correspondence and read the complaint as alleging some actual injury to FlashSynq's records or assets, Plaintiff's standing to sue is questionable at best. He appears to be seeking to assert a claim on behalf of records or assets that belong to a limited liability corporation. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) In addition, it does not appear from the face of the complaint that Plaintiff has an ownership or property interest since he alleges only that he is FlashSynq's "registered agent." *See also Hawkins v. Richter*, No. 16-12945, 2017 WL 9470706, at *5 (E.D. Mich. Mar. 16, 2017)

(dismissing lawsuit by pro se litigant in part for lack of standing because he held no interest in property owned by limited liability corporation under Michigan law).

In short, the face of the complaint does not support the assertion of federal question or diversity jurisdiction, and calls into question Plaintiff's standing to sue. Because this Court cannot act in the absence of subject matter jurisdiction, Plaintiff will be directed to SHOW CAUSE why this case should not be dismissed for lack of jurisdiction.

**B.     Plaintiff's Inexcusable Failure to Comply with Procedural Rules**

Plaintiff's prior miscellaneous case was dismissed in part due to his violation of procedural rules, including his failure to serve the Respondent/Defendants against whom he sought relief. Plaintiff's current complaint and motions in this case suffer from similar procedural infirmities.

As a courtesy, the Court has included on its website a "Pro Se Handbook" that offers some guidance to Pro Se litigants. Regardless of whether Plaintiff chooses to avail himself of that resource, his pro se status does not excuse him from compliance with all applicable Federal Rules of Civil Procedure, the Local Rules of this Court, General Orders, and the pretrial and trial procedures of the assigned judge. Plaintiff's continued - and apparently deliberate - failure to comply with applicable rules and procedures not only provides grounds for the denial of his current motions, but ultimately may lead to the dismissal of his underlying case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991).

**1.  Rule 11 Violations**

Rule 11 of the Federal Rules of Civil Procedure requires all litigants, including those proceeding pro se, to sign every "pleading, written motion, and other paper." Rule

9

11(a). In addition to a signature, the paper must include "the signer's address, e-mail address, and telephone number." A court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Having examined Plaintiff's original complaint, the undersigned finds that it does not comply with Rule 11(a). Although the Declaration contained in "Exhibit A" to the complaint includes a signature presumed to be Plaintiff's, the signature appears to be limited to the Declaration itself. Neither the body of the complaint form nor the typed attachment are signed. (*See* Doc. 1, PageID 4).[5]

In addition to the violation of Rule 11(a), the undersigned reminds Plaintiff of his obligations under Rule 11(b), particularly in light of the Court's stated concerns that Plaintiff may have filed a legally frivolous case against attorneys who sent him a pre-litigation demand letter regarding potential claims against Plaintiff by their client, Ms. Moodie. Every court filing carries with it the filer's certification that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[5] Although denied based on other procedural defects, some of Plaintiff's prior motions were unsigned.

10

Rule 11(b), Fed. R. Civ. P.

This Court may impose any "appropriate sanction" if it finds a violation of Rule 11(b), so long as the party alleged to have committed the violation is provided "notice and a reasonable opportunity to respond." Rule 11(c)(1). Above, the Court has identified serious concerns about whether the claims asserted are in any way supported either by existing law or any nonfrivolous legal argument – the absence of which would constitute a violation of Rule 11(b)(2). The Court is equally concerned that the complaint lacks evidentiary support in violation of Rule 11(b)(3). Therefore, this Order will require Plaintiff to "SHOW CAUSE" for the apparent violations of Rule 11.

**2. Plaintiff's Motions Exhibit Continued Procedural Violations**

In its Order of September 24, 2025, the Court denied multiple motions based on Plaintiff's failure to comply with S.D. Ohio Civ. R. 7.2(a)(1) (requiring each motion to be accompanied by a supporting memorandum and a certificate of service) and with S.D. Civ. R. 5.2 (requiring a certificate of service). Plaintiff's three most recent motions still do not fully comply with Local Rule 7.2(a)(1), insofar as each motion and its supporting memorandum are undifferentiated, and mostly fail to contain a "citation of authorities relied upon." The Court might be inclined to forgive that error given that Plaintiff has attempted to comply with the rule by explaining why he believes he is entitled to relief. However, the recent motions also fail to include a certificate of service. Worse, Plaintiff makes clear that the omission is deliberate. On his last motion, he includes the following statement:

> **Note on Filing Formalities:**
>
> Plaintiff has intentionally omitted a "certificate of Service" in this filing, consistent with prior submissions, and respectfully defers to the Court regarding any procedural imperfections. Plaintiff affirms his intent to comply with all applicable Rules to the best of his ability as a pro se litigant.

(Doc. 10, PageID 52.)

It would be appropriate to deny all recent motions based on Plaintiff's deliberate violation of this Court's clear instructions to include a certificate of service. None of the Defendants have yet appeared in this case. Because they do not receive electronic service, the only evidence that Defendants have received notice of each motion is an accurate certificate of service.

Despite having grounds to deny all three motions, the Court will grant the first portion of Plaintiff's combined "Motion to Amend Case Caption and Supplemental Confidential Statement for the Record," (Doc. 7). The first part of the motion seeks to "amend the official case caption" to reflect the lead Defendant's surname as "Kramer" rather than "Cramer." The correct spelling already is reflected on Plaintiff's original complaint and in most of the electronic records of this Court. But it appears that the electronic case caption alone contains the misspelling.[6] To the extent that the Clerk of Court is able to correct the clerical error, the motion is granted.

Aside from correcting this Court's clerical error, the motion is denied for procedural error and on its merits. In the second part of the motion, Plaintiff states that he is submitting "a supplemental confidential statement for the record" in order to: (1) "preserve material facts from parallel state proceedings that overlap with discovery timing in this

---

[6]The minor clerical error likely arose from the handwritten complaint, wherein "Cramer" appears to have been written over as "Kramer" to reflect the correct spelling.

12

matter"; and (2) "to reflect Plaintiff's continuing concern for privacy and the protection of his minor children." (Doc. 7, PageID 21.) But Plaintiff is wrong when he represents the "supplemental confidential statement" as "Filed Under Seal." (*Id.*) Due to Plaintiff's procedural errors, the document is presently displayed on the public docket.

Pursuant to S.D. Ohio Rule 5.2.1, no document may be filed in the electronic record under seal without first obtaining an order from this Court that expressly authorizes the filing of the document under seal. Such authorization is very rarely granted. And even in the unlikely event that Plaintiff had been granted leave to file a document under seal after filing an appropriate motion explaining the basis for such filing, he still would have been required to follow S.D. Ohio Rule 5.2.1(b) before submitting the document to the Clerk of Court.

> [D]ocuments [that] pro se litigants submit for filing under seal must be submitted to the Clerk in a securely sealed envelope or box. The face of the envelope or box containing such documents, as well as the first page of each document, must state that it contains … "DOCUMENTS UNDER SEAL." The face of the envelope or box shall also contain the case caption, a descriptive title of the documents (unless such information is to be, or has been, included among the information ordered sealed), and a reference to the specific order or statute permitting the documents to be sealed.

*Id*.

To the extent that this Court charitably construes Plaintiff's pro se filing as a motion seeking leave to file the "supplemental statement" under seal,[7] that construed motion is denied. With limited exceptions not applicable here, discovery or evidentiary materials are not to be filed of record. So the "supplemental statement" is procedurally improper if presented as evidence or to "preserve material facts from parallel state proceedings" that

---

[7]Despite purporting to having filed the document under seal, the motion contradictorily contains a "request[] that this filing… be received under seal or otherwise treated as confidential, at the Court's discretion." (*Id.*)

13

relate to discovery. Additionally, a review of the statement confirms that it is irrelevant and immaterial. As Plaintiff himself suggests, the statement appears to have originated in connection with his ongoing divorce proceedings in state court. Neither those proceedings nor an evidentiary exhibit to prove Plaintiff's "continuing concern for privacy and the protection of his minor children" has any relevance to this case.

Thus, the Court will deny the construed motion for leave to file the supplemental statement under seal and will strike it from this record. Pursuant to Rule 12(f), the court may strike "immaterial" materials from a pleading. Although the motion is not a pleading, this Court has employed Rule 12(f) to strike other materials that have been inappropriately filed of record. And the Court regularly strikes discovery materials or similar evidentiary exhibits that are improperly filed by pro se litigants. Last, the Court strikes the materials in the interests of justice, as they appear to contain the personal identifiers of nonparties, including Plaintiff's minor children.

The Court denies Plaintiff's remaining two motions with prejudice both because they are legally frivolous[8] and based on Plaintiff's continued and deliberate failure to include certificates of service. If Plaintiff files any additional motions or documents in this Court without the inclusion of a valid certificate of service that reflects service on each party or their counsel, any such motions will be summarily denied without further discussion.[9]

---

[8] The Court finds no merit to Plaintiff's arguments that it should expedite consideration of any his motions prior to Defendants' appearance and the expiration of their response time. Unfortunately, the frequency with which Plaintiff has filed procedurally improper and meritless motions has resulted in the expenditure of a disproportionate amount of judicial resources devoted to this case, prior to the entry of appearance of a single Defendant. As for the merits of consolidation, there are none. The Court does not consolidate active civil cases with closed miscellaneous cases, even if related.

[9] As illustrated by this Order, the inordinate number of procedurally improper motions that Plaintiff has filed to date have required this Court to devote an unusual and disproportionate amount of judicial resources prior to the entry of appearance of a single Defendant.

14

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT**:

1. Plaintiff's motion to alter the case caption (Doc. 7) is GRANTED in part and DENIED in part as follows:

    a. If possible, the Clerk of Court shall correct the typographical error (the misspelling of "Cramer" instead of "Kramer") that appears in the electronic case caption, even though the same error does not appear elsewhere in the cm/ecf record;

    b. The portion of Plaintiff's motion that is construed as seeking leave to file a "Supplemental Confidential Statement for the Record" under seal is DENIED;

    c. The pages that comprise the "Supplemental Confidential Statement for the Record" shall be stricken from the electronic case record of this case;

2. Plaintiff's other procedurally improper motions (Docs. 9 and 10) are DENIED WITH PREJUDICE;

3. **Within ten (10) days of the date of this Order, Plaintiff shall file a written "Response to Show Cause"**:

    a. Plaintiff shall SHOW CAUSE for the identified and perceived Rule 11 violations. Said Response shall include as an exhibit a signed and dated copy of the signature page of his complaint (Doc. 1, PageID 4);

    b. Plaintiff shall SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction;

15

4. Plaintiff is forewarned that any continued failure to comply with applicable procedural rules or Court orders may result in sanctions, including the revocation of his cm/ecf privileges, and possibly the dismissal of this case.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge