**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER J. MACCONNELL, JR.      Case No. 1:25-cv-688

      Plaintiff,

                              Dlott, J.
      v.                      Bowman, M.J.

ORIN S. KRAMER,  et al.,

      Defendants.

### REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, paid the requisite filing fee and filed a Complaint in the above-captioned case. The Court subsequently issued an Order for Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 19). In response, Plaintiff filed an Amended Complaint and a response to the Order to show cause (Doc. 20, 21). For the reasons set forth below, it is recommended that this action be dismissed for lack of subject matter.

### I.     The Court's Inherent Authority to Screen a Complaint

Most pro se litigants proceed *in forma pauperis*. In exchange for the benefit of proceeding without payment of a filing fee, litigants who proceed *in forma pauperis* are subject to mandatory statutory screening to determine if their complaint is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). As noted, Plaintiff paid the full filing fee for this case, thereby avoiding statutory screening. This Court nevertheless retains both the authority and the obligation to review its jurisdiction, and to dismiss even fee-paid cases if appropriate. *See Apple v. Glenn*, 183

1

F.3d 477, 479 (6th Cir. 1999). Complaints are subject to dismissal under Rule 12(b)(1) when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Rolle v. Litkovitz*, Case No. 1:21-cv-230; 2021 WL 1546110, at *2 (S.D. Ohio April 20, 2021) (citing *Apple v. Glenn*, 183 F.3d at 479). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bardes v. Bush*, 2023 WL 2364664, at *4 n.2 (S.D. Ohio March 6, 2023) (collecting cases in which the Sixth Circuit has applied *Nietzke*'s formulation of frivolousness in the *Apple v. Glenn* context). Based on a review of Plaintiff's Amended Complaint, the undersigned concludes that it should be dismissed *sua sponte* for lack of subject matter jurisdiction.

## II.      Allegations in the Amended Complaint

Plaintiff alleges that in 2025, Plaintiff and Defendant Logan Etherton formed FlashSynq AI, LLC to develop a proprietary "flash-trading" engine.  (Doc. 20 at PageID 181). According to Plaintiff, the LLC operating agreement requires unanimous written member consent for valid transfer or assignment of company IP, imposes fiduciary duties of loyalty and good faith, and designates Plaintiff as the long-term records custodian. (*Id.* at PageID 181-82).

In July 2025, Plaintiff claims Defendants Kathleen Moodie and Orin Kramer, along with Defendant attorney Noah J. Stern and law firms Manly Burke LLP and Adams Leclair Partners LLP, created a "Dissolution and Debt Memorandum" purporting "to dissolve FlashSynq and transfer its intellectual property to a Kramer controlled shell entity in exchange for an unsecured IOU." (*Id.* at PageID 182). Plaintiff contends that because no member executed the document, it was void under the operating agreement.

2

Nevertheless, Plaintiff claims Kramer and Moodie presented it as binding to potential investors.  (*Id.* at PageID 183). Plaintiff further alleges that Etherton referred to the event as an "internal dissolution" in a video, which Plaintiff asserts constitutes a recorded admission that the transfer occurred without unanimous consent.

Plaintiff claims that on October 6, 2025, Manley Burke filed Articles of Organization for KairoAI Systems, LLC, listing the disputed intellectual property as initial capitalization and using technical language and asset descriptions virtually identical to FlashSynq.

On August 20, 2025, Plaintiff claims Defendants sent a demand letter for $300,000, threatening litigation and accusing Plaintiff of tortious interference and defamation. According to Plaintiff, he was pursuing $890,000 in operational funding at the time, but withheld fundraising after receiving the letter.  Plaintiff characterizes the demand letter as economic coercion intended to force him to concede his rights and accept the purported transfer. (*Id.* at PageID 183-84). He also alleges Defendants filed or threatened additional state-court actions against him. (*Id.* at PageID 185). Plaintiff claims that Defendants actions were willful and malicious, and the "acts complained of constitute breach of contract, fiduciary duty, and good faith." (*Id.*).

Based on the above factual allegations, Plaintiff lists the following twenty-four causes of action in the Amended Complaint: Fraud/Misrepresentation, Fraudulent Conveyance, Conversion, Abuse of Process, Civil Extortion/Economic Coercion, Breach of Fiduciary Duty, Civil Conspiracy, Vexatious Litigation, False Statements to a Tribunal, Obstruction of Justice, Retaliation/Intimidation, Declaratory Relief, Economic and Reputational Damages, Fraudulent Inducement, Tortuous Interference, Aiding and Abetting Fraud, Professional Misconduct, Constructive Trust/Injunction, Negligent Legal

3

Facilitation, Interference with Judicial Process, Invasion of Privacy, Aggravated Civil Conspiracy, Breach of Ethics Clause (OA §  9.3), and Breach of Unanimous-Consent Clause (OA § 4.1). (*Id.* at PageID 185-87).

As relief, Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. (*Id.* at PageID 187).

**III.    Analysis**

Upon careful review, the undersigned recommends that the Amended Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

As the undersigned previously noted, this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A plaintiff who has elected to file suit in federal court bears the burden of showing the existence of federal jurisdiction. *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). To meet that burden, a plaintiff must affirmatively plead facts that establish jurisdiction. *See Corner v. Greef*, 99 Fed. Appx. 577, 580 (6th Cir. 2004) (plaintiff "must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question").

The Amended Complaint asserts that Plaintiff brings this action "under 28 U.S.C. § 1331 and 1332 and related supplemental state-law claims." (Doc. 20 at PageID 180).

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the Amended Complaint reveals such jurisdiction is lacking. In order

4

for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, Plaintiff and several Defendants—including Etherton, Manly Burke, and Stern—are citizens of Ohio. (*See* Doc. 20 at PageID 180, 194; Doc. 35). Plaintiff does not allege that the citizenship of Plaintiff and Defendants are diverse. 28 U.S.C. § 1332(1). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims Plaintiff may be alleging.

In addition, the Court is without federal question jurisdiction over the Amended Complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the Amended Complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Although Plaintiff includes a list of twenty-four causes of action in the Amended Complaint, the vast majority arise, if at all, under state law. *See Duncan v. Kuhr*, No. 23-3511, 2024 WL 5112648, at *2 (6th Cir. Aug. 21, 2024) (affirming *sua sponte* dismissal of case for lack of subject matter jurisdiction where the Plaintiff alleged, in part, general state-law claims in the absence of a federal cause of action). To the extent that Plaintiff

5

may otherwise seek to hold Defendants liable based on a cause of action cognizable under 42 U.S.C. § 1983 (such as retaliation, invasion of privacy, or conspiracy), Defendants are not state actors. In order to maintain an action under § 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Because none of the named Defendants are state actors or otherwise alleged to have been acting under color of state law, Plaintiff fails to establish federal subject matter jurisdiction based on § 1983. *See Hall v. Board*, No. 24-3797, 2025 WL 2639656, at *2 (6th Cir. Apr. 17, 2025) (holding that "because [defendants] are not ' state actors' capable of being sued under § 1983, [the plaintiff's] claims against these defendants are patently meritless and therefore subject to dismissal under *Apple*").

In response to the Court's Order to show cause, Plaintiff asserts that federal jurisdiction is premised on 28 U.S.C. § 2201, "17 U.S.C." (the United States Code governing Copyrights), and 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act).  (*See* Doc. 21 at PageID 195).  As the Court previously noted (*see* Doc. 19 at PageID 144), to the extent that Plaintiff relies on the Declaratory Judgment Act as grounds for his assertion of federal question jurisdiction, his reliance is misplaced. "It is well established that the Declaratory Judgment Act, 28 U.S.C. § 2201, [does not provide] an independent source of federal jurisdiction." *Louisville and Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir.1983).

6

Although Plaintiff also seeks to establish federal-question jurisdiction based on "17 U.S.C." and 18 U.S.C. § 1030, neither claims or causes of action are asserted in the Amended Complaint. Plaintiff's bare citation to federal statutes in a response brief does not create jurisdiction where the operative complaint does not contain the federal causes of action.

In any event, Plaintiff does not identify the provision of the United States Code on Copyrights that governs his claims, much less identify any registered copyright or allege any facts whatsoever to suggest any named Defendant engaged in reproduction, distribution, or any other act constituting copyright infringement that would provide this Court with federal subject-matter jurisdiction. *Cf. Anderson v. Microsoft Corp.,* No. 1:14-cv-763, 2015 WL 1969403, at *3 (S.D. Ohio May 1, 2015) (dismissing copyright infringement claim in the absence of any factual allegations establishing that any copyright infringement took place). The Amended Complaint raises an ownership dispute arising from an operating agreement and transfer of company assets. Plaintiff's bare reference to "17 U.S.C." does not transform the action into a copyright case or otherwise establish federal-question jurisdiction.[1]

Plaintiff's reliance on the Computer Fraud and Abuse Act is also unavailing. Again, Plaintiff does not assert a claim under the Act in the Amended Complaint. Plaintiff also fails to allege any facts to suggest that Defendants accessed and obtained information from a protected computer, the access was unauthorized or exceeded authorized access, and resulted in loss of at least $5,000, as is required for a civil claim under the Act. *See*

---

[1] Plaintiff also references "federal preservation duties governing digital records and intellectual property" but again does not identify a specific statute or rule that creates a private cause of action.  (*See* Doc. 21 at PageID 195).

7

*Royal Truck & Trailer Sales and Service, Inc. v. Kraft*, 974 F.3d 756, 759 (6th Cir. 2020). Although Plaintiff claims Defendants violated the terms of the operating agreements in using corporate documents and state filings to redirect ownership of intellectual property, the Amended Complaint provides no suggestion that Defendants conduct included unauthorized access/hacking or that Defendants caused the type of damage covered by the Act. The Supreme Court has clarified that the Act covers "those who obtain information from particular areas in the computer—such as files, folders, or databases—to which their computer access does not extend. It does not cover those who . . . have improper motives for obtaining information that is otherwise available to them." *Van Buren v. United States*, 593 U.S. 374, 378 (2021). Additionally, with respect to the loss requirement, the damage and loss requirements "focus on technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data" and "are ill fitted . . . to remediating 'misuse' of sensitive information." *Id.* at 391-92. *See also Delacruz v. State Bar of Cal.,* No. 16-cv-6858, 2017 WL 7310715, at *6 (N.D. Cal. June 21, 2017) ("the CFAA creates the right to recover damages and losses related to a computer or system, not damages that flow from the use of unlawful obtained information").

In sum, because Plaintiff has failed to plead facts establishing either diversity or federal-question jurisdiction, and because the purported federal claims are wholly insubstantial and frivolous within the meaning of *Apple v. Glenn*, this case should be dismissed for lack of subject-matter jurisdiction.

8

**IV.     Conclusion and Recommendations**

For the reasons discussed above, **IT IS RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of jurisdiction. *See Bardes v. Bush*, No. 23-3272, 2023 WL 9318039, at *2 (6th Cir. Dec. 4, 2023).


*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHRISTOPHER J. MACCONNELL, JR.          Case No. 1:25-cv-688

    Plaintiff,

                         Dlott, J.
      v.                                      Bowman, M.J.

ORIN S. KRAMER,  et al.,

    Defendants.


Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


!

10