IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Christopher J. MacConnell, Jr., | : | Case No. 1:25-cv-688 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| Orin S. Kramer, et al., | : | Order Adopting Report and Recommendation |
| Defendants. | : | |

This matter is before the Court the Report and Recommendation issued by the Magistrate Judge on July 24, 2026, to which no objections were filed. (Doc. 36.) For the reasons that follow, the Magistrate Judge's Report and Recommendations will be **ADOPTED**.

Plaintiff Christopher J. MacConnell, Jr., proceeding *pro se*, filed suit on September 18, 2025 and paid the requisite filing fee. (Doc. 1.) The Court issued an Order for Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 19.) In response, Plaintiff filed an Amended Complaint and Response to the Order to show cause. (Docs. 20, 21.)

On July 24, 2026, the Magistrate Judge issued a Report and Recommendation in which she recommended this action be dismissed for lack of subject matter jurisdiction. (Doc. 36.) The Magistrate Judge reviewed MacConnell's allegations along with his twenty-four causes of action in the Amended Complaint. She found that Plaintiff failed to allege that the citizenship of Plaintiff and Defendants (including Defendants Logan Etherton, Manly Burke, and Noah J. Stern) are diverse so as to establish diversity of citizenship for purposes of subject matter jurisdiction. (*Id*. at PageID 233.) In addition, the Magistrate Judge was unable to discern from the facts alleged in the Amended Complaint any federal statutory or constitutional provision that

gives rise to an actional claim for relief. (*Id.* at PageID 234–36.) The Magistrate Judge considered asserted bases for jurisdiction and found Plaintiff failed to plead facts establishing federal-question jurisdiction and that the purported federal claims were unsubstantial and frivolous within the meaning of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).[1] Plaintiff did not file any objections to the Report and Recommendation.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3-19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.").

[1] *Apple* authorizes *sua sponte* dismissal of a complaint for lack of subject matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*

As no objections were filed, and finding the Report and Recommendation to be well-taken, the Court **ADOPTS** the Report and Recommendation. (Doc. 36.) The Court, therefore, **DISMISSES** without prejudice this action for lack of jurisdiction. *See Bardes v. Bush*, No. 23-3272, 2023 WL 9318039, at *2 (6th Cir. Dec. 4, 2023) (dismissal for lack of jurisdiction should normally be without prejudice).

**IT IS SO ORDERED**.

S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court